# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKEY N. SWIFT
       Plaintiff,

v.                                                                                      Case No. 06-C-0954

CITY OF MILWAUKEE,
CITY OF MILWAUKEE POLICE DEPARTMENT,
POLICE OFFICER HUTCHINSON,
POLICE OFFICER PENDERGAST,
DETECTIVE WARREN ALLEN,
POLICE OFFICER GOMEZ and
POLICE OFFICER JOHN DOE,
       Defendants.

## DECISION AND ORDER

Plaintiff, Rickey N. Swift, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). This matter comes before me on plaintiff's petition to proceed in forma pauperis and motion to amend the complaint. Both applications will be addressed herein.

### I. PETITION TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the

average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

In this case, plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $166.00. Thus, plaintiff will be permitted to proceed in forma pauperis. The balance of the filing fee will be collected as set forth below.

## II. MOTION TO AMEND

Plaintiff filed a motion to amend the complaint on February 8, 2007. Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962).

In the present case, there is no indication that plaintiff is guilty of acting in bad faith or with a dilatory motive. Moreover, a motion to amend the complaint that is filed prior to service on defendants should be granted as a matter of course. See Marshall v. Knight, 445 F.3d 965 (7th Cir. 2006).

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

2

On the other hand, a plaintiff will not be allowed to amend his complaint if such amendments would be futile. Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir. 1993). For example, if the claims in the amended complaint could not withstand a motion to dismiss for failure to state a claim upon which relief can be granted, the court will not grant leave to file the amended complaint. Id. Therefore, the amended complaint must next be screened pursuant to 28 U.S.C. § 1915A(a).

**A.    Screening**

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of

3

facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The decision of the United States Supreme Court in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), authorizes the filing of constitutional tort suits against federal officers in much the same way that § 1983 authorizes such suits against state officers. Thus, to state a claim for relief against a federal defendant under Bivens, a plaintiff must allege: (1) he was deprived of a right secured by the Constitutional or the laws of the United States; and (2) the deprivation was visited upon him by a person acting under color of federal law. See Gomez, 446 U.S. at 640 (emphasis added). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)

4

(quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

**B.     Background**

Plaintiff is currently incarcerated at Milwaukee County Jail. The complaint names the City of Milwaukee, the Milwaukee Police Department (MPD), Officer Hutchinson, Officer Pendergast, Officer Gomez, Officer John Doe and Detective Warren Allen as defendants.

On December 27, 2005, plaintiff was ambushed by several law enforcement officers when he pulled into a gas station on 35th Street in the City of Milwaukee. (Amended Complaint at 1). Upon arriving at the gas station, plaintiff gave a female panhandler money to clean his car and wash his windows. Id. at 2. As soon as the woman stepped out of plaintiff's car, he was seized without probable cause or an arrest warrant. Id. Plaintiff was then subjected an "unlawful and unreasonable search and seizure of his person." Id.

According to plaintiff, defendants Hutchinson and Pendergast were observing foot traffic near 35th Street when they saw the plaintiff violate a traffic law. Id. at 2-3. However, plaintiff avers that he did not violate any traffic law. Id. at 3. Moreover, the woman panhandler was loitering in the area but she was not arrested. Id.

The plaintiff states that "there were no inferences in which defendants Hutchinson, Pendergast, Gomez and Allen could draw to justify their zealous actions." Id. at 4. After his arrest, defendants confiscated plaintiff's money and house keys. Id. at 5. Plaintiff was not

5

immediately taken to a jail or police station.  Id.  Rather, plaintiff was driven around in defendants' car against his will.  Id.

Plaintiff was then taken to his house, where he lives with his three brothers.  Id. Defendants used plaintiff's house key to enter his house and then went room to room, awaking plaintiff's sleeping brothers.  Id.  Defendants stated, "Y'all ain't never been robbed by white boys before."  Id.  Defendants later stated that they were just joking and that they were the police.  Id.

Thereafter, defendants drove plaintiff to his wife's house, where they unsuccessfully attempted to gain entry using plaintiff's keys.  Id.  Defendants proceeded to bang and kick the doors and look through the windows.  Id.  However, plaintiff's wife would not permit defendants to gain entry.  Id.

Plaintiff avers that defendants violated his rights under the Fourth, Eighth and Ninth Amendments.  Id. at 7.  For relief, plaintiff demands monetary damages.  Id. at 7-8.

**C.    Analysis**

    **1.    Fourth Amendment**

Plaintiff alleges that he was unlawfully arrested and falsely imprisoned.  Under the Fourth Amendment, plaintiff enjoys a right to be free from arrest without probable cause. Beck v. Ohio, 379 U.S. 89, 91 (1964).  False imprisonment claims are also cognizable under the Fourth Amendment.  See Schertz v. Waupaca County, 875 F.2d 578, 582 (7th Cir. 1989).  However, the existence of probable cause for arrest is an absolute bar to a section 1983 claim for unlawful arrest and false imprisonment.  Id.  In the present case, plaintiff

6

avers that defendants lacked probable cause because he did not commit a traffic violation. Thus, plaintiff may proceed on his unlawful arrest and false imprisonment claims.

Next, plaintiff avers that his person and his vehicle were searched after his arrest. It is well established that law enforcement officers may conduct a full search of an arrestee "in order to discover weapons the arrestee might be carrying and to preserve evidence that might be destroyed." United States v. Sawyer, 224 F.3d 675, 678 (7th Cir. 2000)(citing United States v. Robinson, 414 U.S. 218, 235 (1973) and United States v. Rodriguez, 995 F.2d 776, 778 (7th Cir. 1993)). However, such a search is permissible only if the arrest was legal. Id. (citing United States v. Kincaid, 212 F.3d 1025, 1028 (7th Cir. 2000) and United States v. Levy, 990 F.2d 971, 974 (7th Cir. 1993)). Similarly, law enforcement officers may conduct a warrantless search of a vehicle incident to a lawful arrest. New York v. Belton, 453 U.S. 454, 460 (1981). Although it is unclear whether plaintiff's arrest was legal, he has arguably stated Fourth Amendment claims based on the searches of his person and car.

Finally, plaintiff maintains that defendants searched his home without a search warrant and without his consent. Absent exigent circumstances, law enforcement officers are prohibited from making a warrantless and nonconsensual entry into an individual's home. Payton v. New York, 445 U.S. 573, 587-89 (1980). Thus, plaintiff may proceed with this claim.[2]

**2.    Eighth Amendment**

---

[2] It is unclear at this stage of the proceedings whether plaintiff's Fourth Amendment claims are barred pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), which provides that any § 1983 claim that implies the invalidity of a conviction or sentence, including a claim for damages, is not cognizable under § 1983 unless certain prerequisites have been met.

Plaintiff avers that his rights under the Eighth Amendment were violated. Eighth Amendment scrutiny is only appropriate after a formal adjudication of guilt. Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977). Where a plaintiff is suing for an incident which occurred after an arrest but before conviction, no Eighth Amendment claim is implicated. Id. In Titran v. Ackman, 893 F.2d 145, 147 (7th Cir. 1990), the Seventh Circuit explained that three different parts of the Bill of Rights apply in sequence during arrest and confinement:"[f]orce during arrest must be reasonable within the Fourth Amendment; between arrest and conviction the government may not 'punish' the suspect without due process of law; after conviction the government may not inflict cruel and unusual punishment." Plaintiff was not convicted, nor does it appear she was she arrested during the time of the alleged acts. Thus, I will dismiss plaintiff's Eighth Amendment claim. Because I have already concluded that plaintiff has stated a claim under the Fourth Amendment, any allegations regarding his treatment during the search also survive under the Fourth Amendment.

### 3. Ninth Amendment

The plaintiff contends that defendants violated his rights under the Ninth Amendment, which provides "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Ninth Amendment, however, "is a rule of interpretation rather than a source of rights." Froelich v. Wisconsin Dep't of Corr., 196 F.3d 800, 801 (7th Cir. 1999). Therefore, plaintiff may not proceed on this claim.

As a final matter, the City of Milwaukee, MPD Officer Hutchinson, Officer Pendergast, Officer Gomez, Officer John Doe and Detective Warren Allen are identified as defendants

8

in the caption of the complaint. It is well established that section 1983 does not create a claim based on collective or vicarious responsibility. Pacelli v. deVito, 972 F.2d 871, 875 (7th Cir. 1992). Thus, an individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation. Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994); Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir. 1986).

Other than a blanket assertion that defendants City of Milwaukee and MPD violated plaintiff's constitutional rights, defendants City of Milwaukee and MPD are not mentioned in the body of the complaint. Plaintiff's failure to assert a specific act of wrongdoing by these defendants does not suffice to meet the personal involvement requirement necessary for § 1983 liability. Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."). Therefore, defendants City of Milwaukee and MPD will be dismissed from this action.

In sum, plaintiff's motion to amend the complaint will be granted in part and denied in part. Specifically, plaintiff may proceed with his Fourth Amendment claims as described herein. However, plaintiff has failed to state claims under the Eighth and Ninth Amendments. Moreover, plaintiff has failed to state claims against the City of Milwaukee and MPD.

Plaintiff is advised that the amended complaint supercedes the prior complaint. See Duda v. Board of Ed. Of Franklin Park Public School District No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. Id.

9

## CONCLUSION

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's petition to proceed in forma pauperis (Docket #2) is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend the complaint (Docket #6) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS ORDERED** that defendants City of Milwaukee and Milwaukee Police Department are **DISMISSED.**

**IT IS ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ORDERED** that defendant shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $184.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the

10

account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 27 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge

11