UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**RICKEY NELSON SWIFT,**

    **Plaintiff,**

    v.                                                                                                     Case No. 06-C-0954

**POLICE OFFICER HUTCHINSON,**
**POLICE OFFICER PENDERGAST,**
**DETECTIVE WARREN ALLEN,**
**POLICE OFFICER GOMEZ, and**
**POLICE OFFICER FRED JONES,**

    **Defendants.**

---

## DECISION AND ORDER

Pro se plaintiff Rickey Nelson Swift brings this § 1983 action against a number of police officers. I allowed him to proceed on his claims that defendants unlawfully arrested him and illegally searched his person, vehicle, and home in violation of the Fourth Amendment. Defendants now move for summary judgment on the ground that the actions that plaintiff challenges were based on probable cause.[1]

I will deny defendants' motion for summary judgment without prejudice. Defendants can invoke preclusion against a § 1983 claimant who seeks to re-litigate a Fourth Amendment claim that has been resolved in a state criminal suppression hearing. Allen v.

---

[1] Plaintiff asks to amend his response brief on the ground that defendants did not provide him with the text of Civil Local Rule 56.2 (E.D. Wis.). However, where no prejudice results from such failure, it may be excused. See Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994); Timms v. Frank, 953 F.2d 281, 286 (7th Cir. 1992). Plaintiff fully responded to defendants' motion and suffered no prejudice. Further, he does not propose to present any new evidence, just more argument. Finally, in view of my ruling on defendants' motion, plaintiff's motion is moot.

McCurry, 449 U.S. 90, 104-05 (1980). Defendants allude to testimony presented in a suppression hearing in state court, but they do not submit a complete record of that proceeding. Thus, I cannot presently determine whether plaintiff's claims are barred. Defendants may re-file their motion for summary judgment, but if they do, they should file a complete record of the suppression hearing and any other relevant state court proceedings.

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for leave to amend his response brief (Docket #73) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (Docket #59) is **DENIED WITHOUT PREJUDICE**. Defendants have until **October 30, 2009** to re-file their motion.

Dated at Milwaukee, Wisconsin, this 23 day of September, 2009.

/s
LYNN ADELMAN
District Judge