# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICKEY NELSON SWIFT,**
      **Plaintiff,**

     v.                                  Case No. 06-C-0954

**POLICE OFFICER HUTCHINSON,**
**POLICE OFFICER PENDERGAST,**
**DETECTIVE WARREN ALLEN,**
**POLICE OFFICER GOMEZ, and**
**POLICE OFFICER FRED JONES,**
      **Defendants,**

## DECISION AND ORDER

      Pro se plaintiff Rickey Nelson Swift, a Wisconsin state prisoner, brought this § 1983 action alleging that defendants, City of Milwaukee police officers, unlawfully arrested him, falsely imprisoned him, and illegally searched his person, car and house. Defendants previously moved for summary judgment, but I denied their motion without prejudice because I wished to review portions of the transcript of a state court hearing on plaintiff's suppression motion, at which the court addressed the arrest and search at issue in this case.

      Defendants supplied me with the transcript and then renewed their summary judgment motion. Plaintiff failed to respond by November 29, 2009, as required by local rule, but because of his pro se status I extended his time to respond to January 11, 2010. However, I warned him that a second such failure could result in dismissal of the case. Regardless, plaintiff again failed to timely respond. Instead, he moved to strike defendants' brief and to recuse me from the case. I denied both motions. However,

because he asserted that his transfer within the prison system had prevented him from responding, I granted him another extension – this one until February 5, 2010. I again warned him that failure to respond could result in dismissal.

Plaintiff has again failed to timely respond to defendants' motion. Instead of responding, he files a statement asserting that he entered a substance abuse treatment program on December 28, 2009 and agreed not to participate in legal proceedings while in the program. He asks me to extend the date for his response until he completes the program, which he anticipates will be around the end of June. However, I decline to grant plaintiff's request for another extension and will dismiss the case for failure to prosecute. Plaintiff has now failed three times to respond to defendants' summary judgment motion, and he has twice been warned that failure to respond could result in dismissal of the case. While I commend plaintiff for seeking substance abuse treatment, he could have filed his response before entering the program. Further, he knew when he entered the program that he had an obligation to respond by a certain date and that the case might be dismissed if he failed to do so. Yet he chose to enter the program, knowing that doing so might prevent him from meeting the deadline. Moreover, when he requested his second extension he knew that he would soon be in (or already had entered) the program, but he failed to disclose this to the court. This information was obviously relevant to his ability to file a response if his request for an extension was granted. Thus, plaintiff has not only been dilatory but also misleading.

This case is now in its fourth year, and its age is due primarily to extensions granted to plaintiff. And, he now seeks yet another extension – one of close to five months. I am not obliged to hold plaintiff's case open indefinitely. See Raymond v. Ameritech Corp., 442

2

Case 2:06-cv-00954-LA   Filed 03/29/10   Page 2 of 5   Document 95

F.3d 600, 607 (7th Cir. 2006) (stating that strict enforcement of local rules for summary judgment briefing is justified in light of the court's interest in maintaining integrity of its calendar); Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir. 1996):

> We live in a world of deadlines. If we're late for the start of the game or the movie, or late for the departure of the plane or the train, things go forward without us. The practice of law is no exception. A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored.

In sum, plaintiff has not shown good cause for an extension as required by Fed. R. Civ. P. 6(b)(1)(A). Moreover, Fed. R. Civ. P. 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. And this district's local rules state that "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice." Civil L.R. 41(c) (E.D. Wis.). Therefore, pursuant to this authority, I will dismiss this case with prejudice.

Alternatively, I will grant defendants' motion for summary judgment on the merits. Because plaintiff has not responded to defendants' proposed facts, I may take such facts as the facts of the case. Civil L.R. 56(b)(4) (E.D. Wis.); see also Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994) ("We have also repeatedly upheld the strict enforcement of [local] rules, sustaining the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts."). Based on such facts, I conclude that no reasonable jury could find for plaintiff.

Briefly summarized, the facts are that officers Hutchinson, Gomez and Pendergast pulled up behind plaintiff's vehicle after a suspected prostitute jumped into it. The officers stopped the vehicle, and plaintiff exited and handed a plastic bag of cocaine to Hutchinson.

3

Defendants arrested plaintiff and searched him, finding some $2,100 on his person. They found marijuana and more cocaine in the car, and plaintiff acknowledged that the drugs were his. Further investigation revealed that plaintiff had open warrants and a pending drug case. Plaintiff then consented to the officers searching his house, where they verified that he did not have additional drugs. The district attorney charged plaintiff with possession of narcotics and bail jumping, and plaintiff moved to suppress the evidence as the product of an unlawful arrest and search. The state court held a hearing and denied the motion, stating:

> We do have the testimony of Police Officer Gomez, which I think laid an appropriate basis for the actions that the officer took; that he was observing what clearly could be a crime taking place, first watching the prostitute, or apparent prostitute, waiving down and flagging cars, the defendant stopping, allowing her into the car.
>
> Based on that alone, I think that they had probable cause to at least detain and see what the heck was going on. . . .
>
> Because the question is not whether there is a legal explanation for everything they saw, the question is whether what they saw would constitute probable cause that a crime was being committed, and that's the question.
>
> And even if they're completely wrong about that, and there is an innocent explanation, if there is sufficient evidence that they observed to reach the level of probable cause, then the – the reasonable belief that the criminal activity was taking place was sufficient, and on this record it was, and I don't see any problem with the manner in which they conducted the stop, which led then to the recovery of evidence from the defendant, and the Court would deny the motion as to the stop and arrest on 12/27/05.

(Regan Aff. Ex. E at 24-26.) Plaintiff subsequently pleaded guilty to the drug charge, and the court dismissed the bail jumping charge.

Plaintiff's § 1983 claims against defendants Jones and Allen fail because there is no evidence that Jones and Allen were personally involved in the events giving rise to the

claims.  See, e.g., Johnson v. Snyder, 444 F.3d 579, 583 (7th Cir. 2006) (explaining that a § 1983 plaintiff must establish that the defendant was personally responsible for the deprivation of a constitutional right).  Moreover, the state court rejected plaintiff's claims that he was unlawfully arrested and illegally searched, and therefore such claims are barred by collateral estoppel.  See Allen v. McCurry, 449 U.S. 90, 104-05 (1980) (holding that collateral estoppel can be invoked against a § 1983 claimant to bar re-litigation of a Fourth Amendment search and seizure claim decided against him in a state criminal suppression hearing); Guenther v. Holmgreen, 738 F.2d 879, 883-84 (7th Cir. 1984) (holding that a probable cause determination by a state court precluded a § 1983 action based on the same events).  Further, the evidence indicates that defendants had probable cause to arrest and search plaintiff and his vehicle.  Finally, the record establishes that plaintiff consented to the search of his house.

Therefore, for the reasons stated,

**IT IS ORDERED** that plaintiff's motion for an extension of time is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**ALTERNATIVELY, IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED.**

Dated at Milwaukee, Wisconsin this 29 day of March, 2010.

/s_____
LYNN ADELMAN
District Judge